## PARRISH v THE BRYN MAWR REALTY CO et

Ohio Appeals, 2nd Dist, Montgomery Co

No 896. Decided July 23, 1929

**ALLREAD, J.**

The case, hangs upon question as to whether the proposed building restrictions as to the set back of fifty feet was uniform so as to authorize a court of equity to enforce same.

We have considered the evidence upon this proposition. There is one lot and perhaps others in the restrictions limited to sixty feet from sidewalk line, but we think this does not conflict with the restrictions in the deed from the Bryn Mawr Realty Co. to the Wisteria Development Co., because the limitation in the later deed is limited to at least fifty feet. It is true that in none of the deeds is there any clause providing that the restrictions of that deed are a part of the general plan of the allotment, nor is there any provision in any of the deeds so far as we have been able to find which could in any way be held to bind the owners to make the same general plan in other deeds. We think, however, that the clause as to the fifty feet set back is a general plan adopted by all deeds and that the Bryn Mawr Realty Co. and the Wisteria Development Co. have verbally held the same out as a general plan of allotment. In fact, the original deed to the Wisteria Development Co. contained these agreements, and is some evidence and is therefore binding upon the Wisteria Development Co., as well as Bryn Mawr Realty Co. Besides, we find that the Bryn Mawr Realty Co. in its contract with Mr. Hodson provided that the deed to Hodson when made shall "conform with the restrictions at present." This evidently meant the general restrictions contained in all the deeds. We think this recognition on the part of the Bryn Mawr Realty Co. and the Wisteria Development Co. is sufficient to show that there was a general plan of allotment, in regard to the fifty feet restriction. It is true that the restrictions so far as any are concerned in this immediate neighborhood are uniform as to the fifty feet set back. We are unable to find that there was any restrictions of less than fifty feet in this immediate neighborhood, or that would in any way affect the owners of the Wisteria Development Co. in making its improvements.

It is also insisted that Euclid Avenue was supposed to be fifty feet wide, later it was found out that it was sixty feet wide, which made a difference of five feet on that side of the street. If the building in this case was to be so constructed as to lie at least fifty feet from Euclid Avenue the court might find itself in doubt as to the refusal of this petition, but the court finds that the main part of the building is to extend to within forty feet of the sidewalk, which is to be the boundary line of Euclid Avenue, and even in that event it would be five feet over the line. We are of opinion that the fifty feet restriction in the original deed from the Bryn Mawr Realty Co. to the Wisteria Development Co. is enforcible and that it is being violated by the building of a house up to forty feet from the line of Euclid Avenue. It appears that the City Zoning Commission requires an open space of thirty-five feet in rear of lot, and that the Wisteria Development Co. in building its building is therefore, confronted with inconsistent provisions, between the building restrictions and the requirements of the Zoning

Commission and chose to violate the building restrictions rather than to conflict with the order of the Zoning Commission. But in our view of the case the owner is bound by the building restrictions and is compelled to build his building back at least fifty feet from the line of the sidewalk. The injunction should, therefore, issue to that effect against the defendants. Injunction allowed.

Kunkle and Hornbeck, JJ, concur.